

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00207-CV

———————————————

NATALIE ANN STROIK, Appellant

V.

DAVID LEE STROIK, Appellee

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 20-1192-431

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

The parties entered into an agreed divorce decree, and Appellee David Lee Stroik later petitioned to enforce the decree. *See* Tex. Fam. Code Ann. § 9.001(a). In June 2021, the trial court rendered an order that granted a temporary injunction and clarified certain terms of the parties' divorce decree (the June Order). In the June Order, the trial court enjoined the parties from selling the marital residence at issue, unless the parties mutually agreed in writing or until further order of the trial court. The clarifications related to the appraisal of the home either in preparation of, or in lieu of, its sale. Appellant Natalie Ann Stroik filed this interlocutory appeal to challenge the June Order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4).

While the appeal was pending, the trial court entered an order appointing a receiver to take charge and possession of the marital residence.[1] The receiver subsequently sold the marital residence, and the trial court entered an agreed Order Approving Sale by Receiver on April 5, 2022, and an agreed Order Confirming Sale of Real Property, Approving Final Account, Reimbursement of Bond to Receiver, and Discharging Receiver on June 21, 2022.

A controversy must exist between the parties at every stage of the legal proceeding, including the appeal; if a controversy ceases to exist, the case becomes moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig.

---

[1]The Order on Motion for Appointment of Receiver was the subject of a separate appeal before this court, that has been dismissed. *See Stroik v. Stroik*, No. 02-22-00060-CV, 2022 WL 2979172 (Tex. App.—Fort Worth July 28, 2022, no pet. h.).

proceeding); *Bd. of Adjustment of San Antonio v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002); *see also Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) (holding that a case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion). Courts must dismiss moot cases for want of jurisdiction. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012).

This appeal is moot because the marital residence that is the subject of the June Order has been sold. Specifically, the controversy between the parties regarding the conditions of appraisal or sale of the home ceased to exist when the trial court entered the agreed orders approving the sale of the marital residence and the deposit of sale proceeds into the court registry. Accordingly, we dismiss the appeal as moot.

Per Curiam

Delivered: August 11, 2022

3